IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DOMINIQUE HINTON,

    Petitioner,

v.                                     Civil Action No. 3:12cv524–HEH

SAMUEL V. PRUETT,

    Respondent.

## MEMORANDUM OPINION
**(Granting Respondent's Motion to Dismiss)**

Dominique Hinton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Richmond, Virginia ("Circuit Court"). Respondent moves to dismiss the § 2254 Petition on the grounds that Hinton's claims lack merit. Respondent provided Hinton with appropriate *Roseboro* notice.[1] (ECF No. 14.) Hinton responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. State Court Proceedings

Following a bench trial, the Circuit Court convicted Hinton of possession of cocaine with the intent to distribute, possession of heroin with the intent to distribute, identity theft, trespassing, driving while revoked/suspended with priors, and pedestrian in roadway. *Commonwealth v. Hinton*, CR09–F–2732, CR09–F–2733, CR09–F–2734,

---

[1] *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).

CR09–M–2735, CR09–M–2736, CR09–M–2737, at 1–2 (Va. Cir. Ct. filed nunc pro tunc Mar. 15, 2010). The Circuit Court sentenced Hinton to ten years, with five years suspended, for the possession of cocaine with the intent to distribute conviction, and ten years, with seven years suspended, for the possession of heroin with the intent to distribute conviction. Sentencing Order at 2, *Commonwealth v. Hinton*, CR09–F–2732, CR09–F–2733, CR09–F–2734, CR09–M–2735, CR09–M–2736, CR09–M–2737, at 2 (Va. Cir. Ct. Mar. 29, 2010). Hinton appealed, arguing that the evidence was insufficient and that the Circuit Court erred when it denied his motion to suppress. Petition for Appeal at 4, *Hinton v. Commonwealth*, No. 0629-10-2 (Va. Ct. App. filed Sept. 2, 2010). The Court of Appeals of Virginia denied the petition for appeal. *Hinton v. Commonwealth*, No. 0629-10-2, at 1 (Va. Ct. App. Dec. 8, 2010). The Supreme Court of Virginia likewise refused his petition for appeal. *Hinton v. Commonwealth*, No. 110056, at 1 (Va. May 6, 2011).

Hinton filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising many claims of ineffective assistance of counsel. *See* Petition for Writ of Habeas Corpus, *Hinton v. Warden*, No. 111756 (Va. filed Oct. 3, 2011). Finding Hinton's claims lacked merit, the Supreme Court of Virginia dismissed the petition. *Hinton v. Warden*, No. 111756, at 11 (Va. Mar. 28, 2012).

**B.    § 2254 Petition**

In the present § 2254 Petition, the majority of Hinton's claims derive from his belief that the Richmond City police subjected him to an illegal search and seizure. The Court of Appeals of Virginia aptly summarized the evidence of Hinton's guilt as follows:

2

> [T]he evidence proved that on February 5, 2009, Officer Mark Godwin was on patrol at a public housing complex when he observed a car make a left turn, pull to the side of the road, and then return to the roadway all without using a signal. Before Godwin activated his emergency lights, appellant, the car's driver, pulled to the side of the road. Appellant exited the vehicle and began walking in the roadway while conversing on a cellular telephone.
>
> Godwin approached appellant and asked to speak with him. Appellant agreed to talk to the officer. Appellant told the officer that his driver's license was inside the car. He also gave the officer a false name, date of birth, and social security number [all belonging to Darvell Hinton]. *After Godwin and his partner learned appellant had provided them with false information, they arrested him.*
>
> Incident to that arrest, the police searched appellant's person and discovered forty individually wrapped bags containing heroin and eleven individually wrapped bags of cocaine.

*Hinton v. Commonwealth*, No. 0629-10-2, at 1–2 (Va. Ct. App. Dec. 8, 2010) (emphasis added).[2]

In his present § 2254 Petition, Hinton argues entitlement to relief based upon the following claims that counsel rendered ineffective assistance:[3]

Claim One   "Trial counsel's performance at sentencing . . . was deficient, unprofessional, and showed that counsel had abandoned the Petitioner . . . . The Petitioner's pre-sentence investigation and the corresponding sentencing guidelines prejudiced Petitioner." (§ 2254 Pet. 6.)[4]

---

[2] Hinton adamantly believes that he was in investigative detention, not under arrest, when Officer Godwin found drugs in Hinton's pocket. Hinton argues that Officer Godwin performed a pat down of Hinton for weapons, found none, and then exceeded the pat down by searching Hinton's pockets despite knowing that Hinton's pockets contained no weapon. Hinton is simply incorrect. *See infra* III.A.

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[4] The Court employs the pagination assigned by the Court's CM/ECF docketing system for quotations from and citations to Hinton's submissions. The Court corrects the capitalization and omits the emphasis in the quotations from Hinton's submissions.

3

Claim Two   "Counsel . . . failed to argue an obvious [Fourth] Amendment[5] violation of illegal search even after specifically agreed to by verbal contract between himself and Petitioner." (*Id.* at 9.)

Claim Three   "Petitioner was denied effective assistance of counsel at trial . . . because counsel failed to effectively cross-examine Officer Godwin and failed to request Officer Jackson to testify at trial as a key witness." (*Id.* at 11.)

Claim Four   "Petitioner was denied effective assistance of counsel because appellate counsel failed to consult with Petitioner." (*Id.* at 18.)

Claim Five   "Counsel's failure to argue [Fourth] Amendment violation prejudiced the Petitioner's decision not to take the available 3-year plea offer before trial." (*Id.* at 20.)

The Court finds Hinton's claims lack merit. For the reasons that follow, the Court will grant Respondent's Motion to Dismiss.

## II. THE APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

---

[5] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . ." U.S. Const. amend. IV.

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court emphasizes that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

5

## A. Suppression Hearing

In Claim Two, Hinton faults counsel for failing to argue "an obvious [Fourth] Amendment violation of illegal search even after specifically agreed to by verbal contract" during the suppression hearing. (§ 2254 Pet. 9.) Hinton believes that "[c]ounsel failed to even mention the Fourth Amendment violation during said hearing and this alone represents a clear Sixth Amendment violation." (*Id.*) Hinton's conclusory allegations in his federal habeas petition fail to state a claim for relief. *Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where the action "stated only bald legal conclusions with no supporting factual allegations").

A generous reading of Hinton's § 2254 Petition suggests that he intended to raise the more thorough version of this claim he presented to the Supreme Court of Virginia. Before that court, Hinton argued that Officer Godwin placed Hinton in investigative detention, performed a pat down of Hinton for weapons, found no weapons, and then exceeded the scope of the pat down to search Hinton's pockets, even though Officer Godwin knew Hinton had no weapons on his person. (Br. Supp. Mot. Dismiss Ex. D ("State Habeas Petition") (ECF No. 13–4) 35–38.)[6]

The Supreme Court of Virginia found that Hinton failed to satisfy the deficiency or prejudice prong of the *Strickland* test:

> The record, including the transcript of the motion to suppress hearing, demonstrates that a police officer observed the petitioner driving a vehicle and make a left hand turn without signaling, after which petitioner pulled to

---

[6] Because Hinton failed to use a consistent numbering system for his state habeas petition the Court instead cites to the petition included as Exhibit D of the Respondent's Brief in Support of Motion to Dismiss. The Court employs the pagination assigned by the Court's CM/ECF docketing system for citations to Hinton's state habeas petition.

6

> the side of the road and waited for a few seconds before pulling back onto the road without using a turn signal. The police officer pulled in behind petitioner, and petitioner pulled to the side of the road, exited his vehicle and began walking down the middle of the street. The police officer asked petitioner if they could speak, and petitioner complied. Petitioner stated he did not have his driver's license and, after he provided false identifying information, he was arrested.
>
> The trial transcript demonstrates that the drugs were found on petitioner's person after he was searched incident to his arrest for identity fraud. At the suppression hearing, counsel argued that the police officers did not have a reasonable articulable suspicion of criminal activity to stop or seize petitioner because petitioner's observed actions while driving did not constitute a traffic infraction. Tactical decisions, such as the appropriate defense to present and the relevant legal arguments to be made in support of a motion, are left solely to the discretion of counsel. [*Strickland*, 466 U.S.] at 689–90. Counsel presented a legitimate argument challenging the police stop of petitioner rather than any subsequent search. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Hinton v. Warden*, No. 111756, 2–3 (Va. Mar. 28, 2012.)

The Court discerns neither an unreasonable application of the law nor an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Counsel pursued the Fourth Amendment argument at the suppression hearing that he believed had the greatest likelihood of success. Hinton's mere disagreement with counsel's choice of argument fails to demonstrate any deficiency of counsel. *See Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (explaining that the decision to file a motion to suppress and selecting arguments to pursue are "classic tactical" decisions left to the discretion of counsel (citing *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992))). Nor can Hinton satisfy the prejudice prong of *Strickland*. The officers searched Hinton incident to a lawful arrest for identity fraud. Hinton fails to show that even if counsel had pursued the

7

illegal search argument, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.[7] Accordingly, Claim Two will be dismissed.

**B. Trial Related Claims**

**1. Cross-Examination**

In Claim Three, Hinton faults counsel for failing to effectively cross-examine Officer Godwin and for failing to call Officer Jackson as a key witness who would have demonstrated that Hinton was not arrested at the time of the search of his person. Hinton believes that "[o]nly upon proper identification of Petitioner could he have been arrested for the offense of identity fraud and until that arrest was made, the Petitioner was only in 'investigative detention' for the infraction of pedestrian in a roadway" and failure to use a signal. (§ 2254 Pet. 18.)

First, Hinton believes that Officer Godwin's testimony during the suppression hearing contradicts Officer Godwin's testimony at trial. Hinton believes this purported inconsistency casts doubt on Officer Godwin's credibility, and the timing of Hinton's arrest, making the search of Hinton illegal. Specifically, Hinton claims that Officer Godwin testified during the suppression hearing that Hinton was held in *investigative detention* and taken to the magistrate to be fingerprinted because officers could not determine his identity. (*Id.* at 11.) Hinton contends that during the same hearing, Officer Godwin testified that he knew that Hinton was Dominique Hinton, not Darvell Hinton, at

---

[7] In fact, the Court of Appeals of Virginia, in reviewing the denial of the suppression motion, implicitly rejected the illegal search and seizure claim Hinton urges here. The Court of Appeals stated: "the record reveals appellant was not seized until after he provided false information to the police." *Hinton v. Commonwealth*, No. 0629-10-2, at 4 (Va. Ct. App. Dec. 8, 2010).

8

the time Hinton was placed under *arrest* for identity fraud. (*Id.* at 12.) Hinton also argues that Officer Godwin falsely testified that he knew Hinton's true identity because he had pictures of both Darvell and Dominique Hinton, and Darvell's appearance was different from Dominique's appearance. (*Id.* at 16.) Hinton contends that counsel knew that Godwin could not have had a photograph of Darvell Hinton because Darvell had never been arrested and was not in the police database. (*Id.*)

In ruling on this claim as presented in his state habeas petition, the Supreme Court of Virginia found that Hinton failed to satisfy either the deficiency or prejudice prong of *Strickland*, 466 U.S. at 687:

> Petitioner fails to assert what questions counsel should have raised on cross-examination regarding the search and seizure or to proffer what information such questions would have produced. Cross-examination involves questioning a witness and does not include an opportunity for argument. . . .
>
> . . . .
>
> The record, including the motion to suppress and trial transcripts, demonstrates that Officer Godwin did not give conflicting testimony as to when he identified petitioner as Dominique Hinton and not Darvell Hinton. At both hearings, Godwin testified that he suspected petitioner was not Darvell Hinton based on the photographs Godwin reviewed of both Dominique and Darvell Hinton, but did not confirm petitioner's true identity until petitioner was taken to be fingerprinted. Further, petitioner provides no support for his bare assertion that the police database did not included [sic] a photograph of Darvell Hinton, and Officer Godwin testified affirmatively that he saw pictures of both Dominique and Darvell Hinton. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Hinton*, No. 111756, at 4–5.[8]

---

[8] Hinton fails to suggest why the police database would not have included his brother's driver's license photo. (July 9, 2009 Tr. 24.)

9

The Court discerns neither an unreasonable application of the law nor an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Despite Hinton's characterization of Officer Godwin's testimony as inconsistent and lacking in credibility, Hinton's claim lacks factual merit. Officer Godwin consistently testified that he arrested Hinton after he knew that Hinton provided a false identity. (*See* July 9, 2009 Tr. 8–11; Jan. 13, 2010 Tr. 15–16, 25.) Officer Godwin's search of Hinton's person occurred incident to Hinton's arrest for identify fraud. While the officers lacked absolute certainty of Hinton's identity at the time of his arrest, they knew that Hinton was not Darvell Hinton. The officers also knew that Hinton had a history of using Darvell's name. (July 9, 2009 Tr. 7–11, 24.) Counsel reasonably eschewed cross-examining Officer Godwin based upon the frivolous arguments Hinton advances here.

Hinton also faults counsel for failing to call Officer Jackson to testify at trial. Hinton claims that counsel should have asked Officer Jackson during trial "if the Petitioner's identity was known while the Petitioner was being held in investigative detention or only after being fingerprinted." (§ 2254 Pet. 17 (punctuation corrected).) Hinton adds that counsel "should have also asked Officer Jackson if the Petitioner was under arrest or being held in investigative detention when Officer Godwin performed the search of Petitioner's pockets." (*Id.* (punctuation corrected).)[9]

As just discussed, Officer Godwin arrested Hinton because Hinton provided a false identity. The search of Hinton occurred pursuant to that arrest. During the

---

[9] Hinton failed to raise this portion of his claim in his state habeas petition. However, Respondent failed to argue that this portion of the claim is defaulted. Nevertheless, the claim is easily dismissed as lacking merit.

suppression hearing, Officer Jackson testified consistently with Officer Godwin that Hinton provided a false identity and that Officer Jackson placed Hinton in investigative detention. (July 9, 2009 Tr. 23–25.) Officer Godwin testified, that despite Hinton's continued insistence that he was Darvell Hinton, the officers knew he was Dominique and arrested him for identify fraud. (July 9, 2009 Tr. 11.) Officer Jackson provided no information about the arrest, but the Court discerns nothing in Officer Jackson's testimony to suggest that Hinton was searched prior to his arrest. Thus, counsel reasonably eschewed calling Officer Jackson to testify during trial. Accordingly, Claim Three will be dismissed.

### 2. Failure to Argue Illegal Search at Trial

In Claim Five, Hinton again faults counsel for failing to pursue the illegal search and seizure argument and adds that he "decided not to take" the three-year plea offer "solely because trial counsel agreed to argue the illegal search and seizure at trial." (§ 2254 Pet. 20.) Hinton explains:

> Had counsel argued illegal search at motion to suppress it is obvious that the petitioner would have had a chance to see if search were found to be legal or illegal. If the search was found to be legal then the petitioner would have taken the plea offer and at worst would be serving a 3yr [sic] sentence. Since counsel failed to argue the [Fourth] Amendment Violation of illegal search, the petitioner chose to have this violation argued at trial.

(*Id.* at 20.) To the extent Hinton faults counsel for failing to raise this argument during the suppression hearing, the claim will be dismissed for the reasons stated in Part III.A.

Hinton demonstrates no prejudice from counsel's failure to argue the illegal search and seizure argument Hinton urges here. Hinton fails to demonstrate that the illegal

11

search and seizure argument he believes counsel purportedly promised to advance at trial would have resulted in a different outcome at trial. While Hinton believes that he remained in investigative detention when Officer Godwin conducted the search that yielded drugs and that the search was beyond the scope of a weapons pat down and therefore illegal, Hinton is incorrect. As discussed previously in Part III.A, Officer Godwin testified that he searched Hinton pursuant to his arrest for identity fraud. Hinton fails to demonstrate prejudice by counsel's failure to pursue the Fourth Amendment argument during trial. Claim Five will be dismissed.

### C. Sentencing Claim

In Claim One, Hinton faults counsel for failing to discuss the appropriate revised sentencing guidelines with Hinton before his sentencing (§ 2254 Pet. 8) and for failing to "investigate[ ] these 'revised' guidelines in order to make sure that the proper ones were being used." (*Id.* at 7.) Hinton contends that counsel "manipulate[d]" the Circuit Court into thinking that Hinton "was aware of the revised guidelines." (*Id.*)

A generous reading of Hinton's § 2254 Petition suggests that he intended to raise the more thorough version of the sentencing claim he presented to the Supreme Court of Virginia. Before the Supreme Court of Virginia, Hinton explained: "Prior to the start of the sentencing hearing the prosecutor presented defense counsel with a revised sentencing guideline which the sentencing judge had not reviewed." State Habeas Petition at 43. Hinton represented that the "revised sentencing guidelines represent[ed] an increase from 12 to 20 months." *Id.* at 44. Hinton faulted counsel for failing to object to the revised guidelines or explain them to Hinton prior to sentencing. *Id.*

12

In ruling on this claim as presented in his state habeas petition, the Supreme Court of Virginia found that Hinton failed to satisfy either the deficiency or prejudice prong of *Strickland*. *See Hinton*, No. 111756, at 6–8. This Court discerns neither an unreasonable application of law nor an unreasonable determination of facts. *See* § 2254(d). Hinton fails to demonstrate, as he must, that despite any purported error of counsel, the Circuit Court would have sentenced him to a lesser sentence. *Hinton*, No. 111756, at 6–8.[10] Accordingly, Claim Four will be dismissed.

### D. Ineffective Assistance of Appellate Counsel

In Claim Four, Hinton faults appellate counsel for failing to consult with Hinton over which issues counsel would raise on appeal. (§ 2254 Pet. 18.) Essentially, Hinton believes that appellate counsel had a constitutional obligation to raise every issue on appeal that Hinton wished for counsel to pursue, including claims of ineffective assistance of trial counsel.[11]

The record demonstrates that appellate counsel challenged the sufficiency of the evidence and the Circuit Court's denial of the suppression motion instead of raising

---

[10] To the extent Hinton attempts to challenge the Circuit Court's application of sentencing guidelines, this claim states no basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Johnson v. Johnson*, No. 3:08cv00560, 2009 WL 2433823, at *7 (E.D. Va. Aug. 6, 2009) (concluding "[a] challenge to Virginia's discretionary sentencing guidelines fails to involve an evaluation of the Constitution or laws of the United States").

[11] Hinton also faults appellate counsel for failing to file a motion to modify Hinton's sentence. The Virginia Supreme Court found that this portion of the claim lacked merit because Hinton possessed no right to counsel on such a motion. *Hinton*, No. 111756, at 11 (citing *Evitts v. Lucey*, 469 U.S. 387, 393 (1985)). The Court discerns no unreasonable application of law or determination of facts. In his § 2254 Petition, Hinton proffers no valid legal basis upon which he contends counsel should have moved to modify his sentence. Thus, Hinton demonstrates no prejudice from counsel's failure to file such a motion.

13

claims of ineffective assistance not cognizable on direct appeal. *See* Petition for Appeal at 4, *Hinton v. Commonwealth*, No. 0629-10-2 (Va. Ct. App. filed Sept. 2, 2010). Hinton fails to identify any viable claims that counsel should have pursued. Accordingly, Hinton establishes neither deficiency nor resulting prejudice. *See Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 694).

## IV. Conclusion

Respondent's Motion to Dismiss (ECF No. 11) will be granted. The § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Hinton fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

                                                  /s/
                                    HENRY E. HUDSON
                                    UNITED STATES DISTRICT JUDGE

Date: June 24, 2013
Richmond, Virginia